Craig v. Smith.

CRAIG ET AL. V. SMITH ET AL., APPELLANTS.

1. **Practice, Civil**: MOTION TO VACATE JUDGMENT FOR WANT OF JURISDICTION: ERROR CORAM NOBIS: ABUSE OF DISCRETION OF TRIAL COURT. A motion to vacate and set aside a judgment on the ground that, at the time of its rendition, the court had no jurisdiction of defendant's person, may be regarded in the nature of a writ of error coram nobis, or as warranted by the statute authorizing a motion for this purpose to be filed within three years after the rendition of the judgment. If on the trial of such a motion, no evidence is given, tending to show either service of the writ or the appearance of the defendent, personally, or by an authorized attorney, but, on the contrary, it appears, affirmatively, from the return of the officer that the defendant was not served with notice, and from the evidence of the attorneys who were employed by the other defendants, and who had filed an answer for the defendants without specifying which of the defendants they represented, that they had never been employed as attorneys by the defendant seeking to set aside the judgment, this court will reverse the judgment, as it is clear that the discretion of the trial court has been abused.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

*L. E. Carter* for appellant.

The motion to vacate the judgment was the proper proceeding and should have been sustained, and the record

thereby cured of its falsity. Wag. Stat. vol. 2, p. 1062 § 26, p. 1034 § 6, p. 1037 § 23; 2 Tidds Practice, 1191, 1136. *Powell v. Gott*, 13 Mo. 458; *Gott v. Powell*, 41 Mo. 416; *Downing v. Still*, 43 Mo. 309; *Ex-parte Toney*, 11 Mo. 663; *De Laney v. Brownell*, 4 Johnson 136; *Denton v. Noyes*, 6 Johnson 295; *Critchfield v. Porter*, 3 Ohio 518; *Warren v. Lusk*, 16 Mo. 102; *Byelow v. Saunders*, 22 Barb. 147; *Kasson v. Mills*, 8 Howard Pr. R. 377; *Beebe v. Roberts*, 3 E. D. Smith 195; *Williams v. Wheeler*, 8 Abbott 116.

*J. D. Strong* for respondent.

No point is made as to the mode adopted by appellant, whether by motion or bill in equity; therefore the cases cited by him are wholly irrelevant. The court, at hearing of the motion, sat as a jury to try a question of fact and found that appellant did appear by attorney. The pleadings showed appearance by appellant. If there had been no appearance, the judgment would have been erroneous. This court will not interfere with the discretion exercised by the court below in refusing to vacate its solemn judgment, unless it can clearly see that the discretion has been been abused. *Christy's Admr. v. Myers*, 21 Mo. 112; *Pomeroy v. Betts*, 31 Mo. 419; *Cov. Mut. Life Ins. Co. v. Clover*, 36 Mo. 392.

NORTON, J.—At the September term, 1874, of the Buchanan Circuit Court, plaintiffs dismissed their suit as to defendant Howard, and took judgment against Smith and Van Camp for $838.85. At the July term, 1875, of said court, defendant Van Camp filed his motion to vacate and set aside said judgment, because at the time of its rendition, the said court had no jurisdiction of the person of the said Van Camp. This motion was overruled, and to correct the alleged error of the trial court in this respect, defendant has appealed to this court. In support of his motion defendant offered in evidence the following return of the sheriff, viz: " Served the within writ and petition

by delivering a copy of each to S. M. Howard, and by delivering a copy of the writ to Wm. H. Smith; A. W. Van Camp not found in Buchanan county, Missouri. May 29, 1869." In further support of the motion, defendant offered the evidence of T. A. Green and H. M. Vories to the effect, that they were attorneys for defendants Smith and Howard, that an answer was prepared and filed by Green for the defendants, without specifying which of the defendants he represented; that neither Green nor Vories had ever been employed by Van Camp or authorized to file answer or enter appearance for him, and that, in point of fact, they never did file an answer for him or enter his appearance.

The motion to vacate and set aside the judgment for the alleged irregularity or error in fact in the rendition of it, may be regarded as in the nature of a writ of error *coram nobis*, or as warranted under the provision of our statute authorizing a motion for that purpose to be filed within three years after such judgment was rendered. The counsel for plaintiffs make no point that the court had no power to determine the question raised on the motion, but concede that the motion to vacate was a proper proceeding to bring the matter before the court. It is however insisted that, as the court on the evidence determined the question involved and overruled the motion, such determination cannot be reviewed here on the evidence. If, on the trial of the motion, there had been any evidence tending to show either service of process on Van Camp or an appearance either by him or an authorized attorney, we would not be justified in interfering with the judgment. On the trial of the motion, there was not only no evidence tending to prove either service of the writ or the appearance of the defendant, but, on the contrary, it affirmatively appears from the return of the officer that defendant was not served, and it further appears from the evidence of Green and Vories the attorneys who appeared for the defendants and filed answer, that they had never

been employed as attorneys in the case by Van Camp or any one for him, but only for the two defendants Howard and Smith who had been served with process. While this court will not interfere with the discretion of the trial court in refusing to vacate and set aside a judgment where there is a conflict of evidence, it will do so when the evidence is all on one side and it is clear that the discretion has been abused. We think the judgment should be reversed and the cause remanded, the other judges concurring.

REVERSED.