STATE OF MISSOURI, EX REL. N. C. HUDSON, Respondent,
        *v.* IDA HEINRICH, Appellant.

### June 12, 1883.

1. JUDGMENTS — ERROR CORAM NOBIS. — A judgment rendered in conse-
   quence of an error of fact which does not appear of record may be vacated
   on motion, or petition in the nature of a writ of error *coram nobis*, of the
   party against whom it is rendered.

2. —— PRACTICE — ABUSE OF DISCRETION. — A refusal by the trial court to
   vacate a judgment upon full and uncontradicted evidence of an error of
   fact by reason of which the defendant had no notice of the action against
   him is a sufficient ground for a reversal of the judgment for an abuse of
   discretion by the trial court.

3. —— WANT OF NOTICE. — A judgment in a proceeding to collect back taxes,
   rendered upon service by publication, the order of publication being
   made upon a false return by the sheriff, is rendered upon an error of fact,
   where it appears that the defendant was at all times a resident of the
   bailiwick.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Reversed and remanded, with directions.*

FINKELNBURG & RASSIEUR, for the appellant: When a
judgment has been rendered against a party by default, and
the court was laboring under a mistake of fact, the matter
may be corrected under a writ of error *coram nobis.* —
*Craig* v. *Smith*, 65 Mo. 536; *Latshaw* v. *McNees*, 50
Mo. 381; *Groner* v. *Smith*, 49 Mo. 318, 324; *Ex parte
Page*, 49 Mo. 219, 294; 2 Tidd Pr. 1136; *Willins* v.
*Wheeler*, 8 How. Pr. 116. No person can be deprived of
his property without due process of law. — Const. Mo., Art.
II., sect. 30; Const. U. S. Amendments, V. and XIV;
*Pennoyer* v. *Neff*, 95 U. S. 714; Cooley's Const. Lim.
432.

M. HILTON, for the respondent: A motion in the nature
of a writ of error *coram nobis* can not reach errors as to
questions of fact passed on by the court. — *Richardson* v.
*Jones*, 12 Gratt. 53; *Brandon* v. *Diggs*, 1 Heisk. 472;

*Hawkins* v. *Bowie*, 9 Gill & J. 428. A sheriff's return can be contradicted only in an action against the sheriff for a false return. — *Hallowell* v. *Page*, 24 Mo. 590 ; *Kearney* v. *Finn*, 11 Mo. App. 400. If this motion be considered as having been made under section 3684 of the Revised Statutes it can not be sustained, because there is no showing, and it is not claimed, that another trial would lead to a different result. — *Campbell* v. *Gaston*, 29 Mo. 343.

THOMPSON, J., delivered the opinion of the court.

The questions which we have to consider arise upon a motion in the nature of a writ of error *coram nobis*. The case is this : On July 29, 1881, a suit was commenced against Ida Heinrich, who is the plaintiff in this motion, under the act of 1877, known as the back-tax law, to recover the taxes for the year 1879, upon a lot of ground belonging to her, situated in the city of St. Louis. Summons issued in due form against Ida Heinrich, and on October 3, 1881, was returned by the sheriff as follows : " The within named defendant, Ida Heinrich, can not be found in the city of St. Louis." Thereafter, on October 15, 1881, an order of publication was granted by the court in conformity with the statute. The grounds on which the order was granted are recited in the order as follows : " Now at this day comes the plaintiff, by its attorney, and it appearing to the court from the return of the sheriff in this cause that said defendant can not be found in the city of St. Louis, and the court being satisfied that the ordinary process of law can not be served upon her, it is ordered," etc. Thereafter, at a succeeding term of the court, a judgment was rendered against Ida Heinrich by default in the ordinary form of judgments in such cases. A special execution, issued regularly from this judgment, so far as appears, was levied on the property named therein ; the same was, so far as appears, regularly advertised by the sheriff, regularly exposed for sale, and sold to James Fargo for the price and sum of $1,005, he

being the highest bidder for cash, which sum, after satisfying the execution debt, interest, and costs, left in the hands of the sheriff the sum of $913.73, which, under the law, would belong to Ida Heinrich. At the first term succeeding this sale, namely, at the October term, 1882, the defendant, Ida Heinrich, filed this motion in the nature of a writ of error *coram nobis*, to vacate and set aside the judgment. There is thus no question of limitation; and if the plaintiff is otherwise entitled to the relief which she seeks, she can not be deprived of it on the ground that the motion was not seasonably filed.

The motion coming on to be heard, it was shown by uncontradicted testimony that Ida Heinrich is twenty-one years of age; that, in 1879, she bought the premises in controversy, it being then vacant property; that, during the same year, she erected a house thereon, the same being numbered 1111 South Eighth Street, which she rented to one Wippern; that this is all the property she owns; that it cost her in all about $3,500; that she was born in the city of St. Louis; has always resided in said city, has never been outside the city limits during her lifetime, not even by way of temporary absence; that, during the whole of the years 1881 and 1882, she resided at No. 1140 South Seventh Street; that she had lived there for nine years continuously. That the house where she thus lived is about two blocks from the premises in controversy, and that her tenant of such premises knew her residence; that the first she heard of his suit was from her father by adoption, Mr. Charles Haren, which was July 1, 1882; that she then heard that her house had been sold and that the purchaser wanted it; that, before that date, she had heard nothing about this suit; had never heard that any suit had been brought against her or her property; and had never received any notice or summons of any kind. It also appeared, without contradiction, that Mr. Haren, her father by adoption, had never heard of the suit until July 1, 1882, when Mr. Wippern, her tenant, told him that some-

body had come to demand rent. Notwithstanding this evidence, the court overruled this motion and petition of Ida Henrich, and she has brought the same to this court by appeal.

It is a well settled rule of practice, long recognized in this state, that, where a judgment is rendered against a party in consequence of an error of fact which does not appear on the record, the person against whom the same has been rendered may have it vacated by a motion or petition in the nature of a writ of error *coram nobis.* *Ex parte Toney*, 11 Mo. 661 ; *Powell* v. *Gott*, 13 Mo. 458 ; *Ex parte Page*, 49 Mo. 291, 294 ; *Groner* v. *Smith*, 49 Mo. 318, 324 ; *Latshaw* v. *McNees*, 50 Mo. 381, 384 ; *Craig* v. *Smith*, 65 Mo. 536. Where, on the hearing of such a motion, the evidence going to establish the error of fact is conflicting, an appellate court will not interfere with the discretion of the trial court in refusing to vacate the judgment. But if the evidence is all on one side and uncontradicted it will interfere, on the ground that such discretion has been abused. *Craig* v. *Smith, supra.*

That is this case. The evidence shows without any dispute that the court committed an error of fact in being " satisfied " from the sheriff's return or otherwise that the ordinary process of the law could not be served on this petitioner at the time when it made the order for publication. If the court was satisfied merely from an inspection of the sheriff's return, then, as the return was a false return, it committed an error of fact. If it required other evidence, which does not appear, there was equally an error of fact. The case does not differ in principle from the case of *Craig* v. *Smith*, last cited. There, one of the defendants, Van Camp, had not been served with process, but an attorney who had been retained by the defendants who had been served with process, filed an answer which purported to be an answer for the *defendants*. The court, evidently

regarding this as an appearance for all the defendants, rendered a judgment against all. On a petition in the nature of a writ of error *coram nobis*, the trial court refused, on an uncontradicted showing of these facts, to set aside the judgment as to the defendant not served ; but the supreme court, on appeal, held that this refusal was an abuse of discretion, and reversed the decision of the trial court.

This is one of several hard cases under the back-tax law, which have come before us, in which judgments have been rendered against property for back taxes, and the property sold under execution, without the owners, although residents, all the time, of the city, having any knowledge of the proceeding, until the purchaser demanded possession or brought ejectment. In *State ex rel.* v. *Finn* (11 Mo. App. 400), we held that in such a case the defendant has no remedy by an action on the official bond of the sheriff, because, although the sheriff had made a false return, the independent judgment of the court intervened between his return and the order of publication, and hence his negligence was not the proximate cause of the injury. If we were right in that ruling, and if the learned counsel for the respondent in this case is also right in his view that this proceeding does not lie to correct the error of fact which led to the order of publication and the consequent assumption of jurisdiction by the court, then it follows that there is one case under our law where a valid judgment may be rendered in an ordinary suit in court against a person within the jurisdiction and amenable to the ordinary process of the court, without giving him any notice.

Whether a law which should authorize such a proceeding would be a valid law may, it seems to me, admit of much question. I should want to look seriously into the matter before passing lightly over the constitutional objection raised by the learned counsel for this appellant. If a suit

may be commenced specially against the property of any one within reach of the ordinary process of the court, and that person be notified in no other mode than by an advertisement printed in a newspaper, which may or may not, according to mere accident or chance, impart actual knowledge of the proceeding to him, and if in the particular case, it does not impart to him such knowledge, and a judgment is rendered therein, and by virtue of this judgment his freehold is taken from him, he remaining all the time in entire ignorance of the proceeding, I think the suggestion that he has been disseized of his freehold contrary to the law of the land, or what is synonymous in meaning, without due process of law, is a suggestion deserving of serious consideration. I can see little in such a law which deserves to be characterized as a law which proceeds upon notice and which hears before it condemns. But it does not seem necessary to pass upon this grave question in the proceeding before us.

The point to which our attention is drawn by the line of argument pursued by the counsel for the respondent is this: If we were right in our ruling in the case above cited, and if he is right in his contention that the error of fact which was indisputably committed by the circuit court in this case can not be reached and corrected in this proceeding, then it must be confessed that here is a grievous wrong for which the law affords no remedy. These acts, which deserve the name of judicial confiscations, of which several instances have already been before us, in which the victims have generally been ignorant women, may be multiplied without check or hindrance. The argument of counsel that this proceeding can not be sustained because the court had jurisdiction, proves too much; because the court only had such jurisdiction as it acquired by the erroneous determination of a fact; and hence, if this position be correct, we must say that a court can acquire jurisdiction by deciding that it has jurisdiction.

It must be borne in mind that this is not a collateral proceeding in which it is sought to impeach the title acquired by the person who purchased the property of the petitioner at the execution sale. It is a direct proceeding authorized by law between the original parties to the suit. The effect upon the title of such purchaser of sustaining this motion is a question which is not now before us.

Our decision is, that the judgment of the circuit court overruling this motion be reversed, and that the cause be remanded to that court, with directions to set aside the judgment against the property sued and to allow the defendant, Ida Heinrich, to appear and plead to the action. It is so ordered. All the judges concur.