Dugan v. Scott.

BRIEFS, the same as in *Shotwell v. Railway Co.*, *ante*, p. 653.

---

GEORGE E. DUGAN, Appellant, v. JULIA E. S. SCOTT, *et al.*, Respondents.

Kansas City Court of Appeals, December 2, 1889.

1. **Error Coram Nobis, Office of:** DEATH OF DEFENDANT. The office of a writ of error *coram nobis* is to bring to the court's attention and correct some error of fact which did not appear in the record, and which was unknown to the court, such as, that one of two defendants was dead at the time of entering judgment, as in this case.

2. **Mechanic's Lien:** CONSTRUCTION OF STATUTE: PRIORITY OF LIEN: MORTGAGE. Under sections 3172, 3173 and 3174, Revised Statutes, 1879, where improvements and repairs are made upon buildings on the land when a prior mortgage was executed, the lien for such repairs and improvements are subject to such prior mortgage, but if the building, erection or improvement is an independent affair, not in existence when the mortgage was taken, it will be subject to the "mechanics' lien" in preference to such prior mortgage and may be sold and removed.

3. ———: SUIT TO ENFORCE: ADJUSTMENT OF LIENS. A suit to enforce a mechanic's lien is not the proper proceeding, as upon a bill in equity, to adjust the priority of liens, yet when the question of priority necessarily comes up, as an incident of the case, the court *ex necessitate rei* passes upon it.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

Statement of the case.

In 1881, one Joseph D. Sicher was the owner of a
tract of land in the city of Sedalia, known as "Sicher's
Park," on which there were at that time erected, and in
existence, a certain hotel and other buildings, all consti-
tuting a part of the realty. On July 13, 1881, said
Sicher and wife executed two deeds of trust upon the
land and the buildings thereon, one securing a debt to
one Henry Leyser, and the other securing a debt to one
John Leyser. These deeds of trust were duly recorded
the day of their date in the recorder's office of Pettis
county, Missouri. Some years after that Sicher con-
veyed the property to Julia E. S. Scott, subject to the
above deeds of trust. Some time after she had acquired
the title in the above manner, Mrs. Scott, a married
woman, through her agent, employed the plaintiff to do
certain painting and glazing upon the buildings before
mentioned. Not receiving his pay for the same, the
plaintiff, about August, 1886, filed his account and affida-
vit under the statute for the purpose of securing a
mechanic's lien upon the buildings upon which the above
work was done; and thereafter, on the fifth of November,
1886, brought suit to enforce the same, making Mrs. Scott,
and her husband, A. D. Scott, and also the two Leysers,
beneficiaries in the aforesaid deeds of trust, and the
trustee, defendants. The Leysers lived in the state of
Illinois, and service was not obtained upon them for
considerable time after the suit was commenced.
Default having been made in the payment of the deeds
of trust, before mentioned, they were foreclosed on
February 5, 1887. They being of equal rank a joint sale
was made under both deeds of trust, at which John

Leyser became the purchaser, and, on said fifth day of February, 1887, received a trustee's deed. Later on the same day service was had in plaintiff's suit upon Henry Leyser, who was in Sedalia to attend the trustee's sale as aforesaid. A copy of the petition and summons was sent to Illinois, and served upon John Leyser by the sheriff of the county in which he lived, on the seventeenth day of March, 1887.

The two Leysers had considerable property in Sedalia, Missouri, which was looked after and cared for almost exclusively by Henry Leyser, and they had an arrangement with a firm of attorneys, at Sedalia, by which said attorneys collected their rents, looked after their business and gave them advice generally, and attended to any business they had in court, when directed to do so. Henry Leyser, as soon as served on February 5, notified one of the attorneys of the fact and directed him to look after the interests of himself and brother. The Leysers supposed that the attorneys were attending to their interests in plaintiff's suit. Leyser is a German who speaks very poor English, and whom it is very difficult to understand. The attorney testified that he had no recollection of being directed to appear in the plaintiff's suit, and that he did not so understand Mr. Leyser. No answer was ever filed for either of the Leysers, and judgment by default was entered against them.

John Leyser died in the state of Illinois on March 17, 1888, and afterwards, without any revival of the suit against him, and without any one in court to represent him, the plaintiff caused a judgment (not personal against any of the defendants) to be entered at the May term, 1888, of the circuit court of Pettis county, wherein the court declared the plaintiff to be entitled to a lien for the amount of work done by him upon the hotel and other buildings on the aforesaid land, and that such lien was superior and prior to the lien of the deeds of trust

made in 1881 in favor of the two Leysers, and ordered the said buildings to be sold with the right in the purchaser to remove the same from the ground. Afterwards, about December, 1888, without any notice to the representative of John Leyser in Illinois, where administration had been taken out on his estate, and without any notice to any one interested in said Leyser's estate, the plaintiff caused Clopton, public administrator of Pettis county, to be put in charge of the estate of John Leyser in Missouri, and then served upon him a *scire facias* to show cause why the aforesaid judgment should not stand revived in his name, as administrator of John Leyser, and why execution should not issue thereon; thereupon the said Clopton, as administrator, at the January term, 1889, filed a return to said *scire facias*, setting forth the above facts, and asking that said cause be revived in his name for the purpose of allowing him to file a motion, in the nature of a writ or error *coram nobis*, to set aside the said judgment, and permit an answer to be filed. Upon the hearing of said return the defendant Clopton made proof of the above facts, and thereupon the court revived the cause in his name, and granted leave to file motion as above indicated. The administrator then filed his motion, setting forth the same facts, and asking that the judgment theretofore entered in said cause be set aside, and that leave be granted him to file an answer. Upon the hearing of which motion proof was made of the facts as above stated, and the court sustained the motion and granted leave to defendant Clopton to file an answer, in said cause, and thereupon he did file an answer, setting up substantially the facts as set forth in the said motion. Upon the trial of the issues the same facts were again proven, as upon the *scire facias* and the motion aforesaid; and the court thereupon made a finding that, under the law and the evidence, the plaintiff was not entitled to a lien upon said buildings, all of which were on said

land at the time of the making of the aforesaid deeds of trust, and upon which the plaintiff had made repairs for which he was claiming a lien.

*E. J. Smith,* for the appellant.

(1) Was it proper to hear evidence *dehors* the record to show John Leyser was dead when judgment was taken? We say it was error. *Phillips v. Evans,* 64 Mo. 17; approved in *Rankin v. Lawton,* 17 Mo. App. 574; *Brewer v. Dinwiddie,* 25 Mo. 351; *Harber v. Railroad,* 32 Mo. 423. At the same time does the return to *scire facias* or the motion of plaintiff, or all of them, show any good reason why the judgment should have been set aside? We say not. See the same authorities. (2) Can the court in this proceeding determine and adjust priorities between the lienor and the mortgagee or one holding under the mortgage? And did not the court attempt to do so in this case? We say the court cannot, and yet it did so attempt. *Steininger v. Raeman,* 28 Mo. App. 594; *Chambers v. Benoist,* 25 Mo. App. 520; *Fischer v. Auslyn,* 30 Mo. App. 516. (3) If the court can adjust priorities in this case, then is not plaintiff's lien entitled to priority over John Leyser holding under the deeds of trust? We say he is so entitled. R. S., secs. 3172 and 3174; *Heidigger v. Milling Co.,* 16 Mo. App. 327; *Whitnock v. Noe,* 11 N. J. Eq'ty, 321; *Lime & Cement Co. v. Morrison,* 13 N. J. Eq'ty, 133; *Otley v. Haviland, Clark & Co.,* 36 Miss. 19; *Smith v. Moore,* 26 Ill. 392; *Gatty v. Casey,* 15 Ill. 189; Gen. Stat. Ill. of 1858, secs. 1, 17 and 30, pp. 156-8-9; *Crandall v. Cooper,* 62 Mo. 478; *Smith v. Phelps,* 63 Mo. 585; *Hotel Co. v. Sauer,* 65 Mo. 279; *Bidwell v. Clark,* 39 Mo 170; *Denny v. Bennett,* 9 S. C. Rep. 134; 28 Cent. Law Jour. 78; *Henry and Coatsworth Co. v. Evans,* 10 S. W. Rep. 868, *Syllabus* in 28 Cent. Law Jour. 411, par 93. (4) As the judgment rendered at first was the

right judgment, and if set aside a new judgment of the same import should have been rendered, it was error to set aside the first judgment. Freeman on Judgments, sec. 498. This error was especially grievous as the court at last refused plaintiff any judgment.

*Jackson & Montgomery*, for the respondent.

(1) The court committed no error in setting aside the judgment, and permitting the administrator of the deceased defendant Leyser to file answer. A motion, in the nature of writ of error *coram nobis*, will lie to set aside a judgment, for irregularity or error of fact, after the term at which it was rendered. *Powell v. Gott*, 13 Mo. 459; *Stacker v. Cooper Co. Ct.*, 25 Mo. 401; *Latshaw v. McNees*, 50 Mo. 381; *Randalls v. Wilson*, 24 Mo. 76; *Craig v. Smith*, 65 Mo. 536; *Ex parte Gray*, 77 Mo. 160; *Walker v. Deaver*, 79 Mo. 664–674; *State ex rel. v. Heinrich*, 14 Mo. App. 147; *Peak v. Shasted*, 21 Ill. 137; *Kemp v. Cook*, 18 Md. 130; *Wynne v. The Governor*, 1 Yerger, 149; *Holford v. Alexander*, 12 Ala. 280 (see note to same case in 46 Am. Dec. 257). (2) The defend-ant Leyser having died before the judgment was entered, there was such irregularity and error of fact as warranted the court in setting aside the judgment. Freeman on Judg., secs. 94 and 153; *Calloway v. Nifong*, 1 Mo. 223; *Dows v. Harper*, 6 Ohio, 518. And such irregularity, or error of fact, may be shown *dehors* the record. *Dewitt v. Post*, 11 Johns. 460, and authorities cited above; *Pratt v. Canfield*, 67 Mo. 48. (3) Having set aside the judgment, the court properly allowed the administrator of the deceased defendant to file answer. (4) Upon the facts shown the plaintiff was not entitled to a lien with priority over the deeds of trust to the Leysers, and the deeds of trust having been foreclosed, and the property bought in by the deceased defendant, John Leyser, prior to the first judgment, nothing remained upon which any lien in favor of plaintiff could

attach; consequently the court properly declared the law, and rendered the proper judgment. R. S., secs. 3172, 3173 and 3174; *Crandall v. Cooper*, 62 Mo. 478; *Haeussler v. Thomas*, 4 Mo. App. 463; *Getchell v. Allen*, 34 Iowa, 559. (5) The court did not undertake to adjust priorities, but only to determine whether or not the plaintiff was entitled to any lien at all under the circumstances. *Steininger v. Raeman*, 28 Mo. 594-602. (6) As Mrs. Scott was a married woman, no personal judgment could be rendered against her, hence the court could not render any judgment, whatever, in favor of the plaintiff

ELLISON, J.—This is a proceeding in the nature of a writ of error *coram nobis* begun in the circuit court of Pettis county. By reference to the statement in the cause, it will be seen that the party defendant, principal in interest in the cause, died after service had upon him, but before the judgment was rendered. He had made no appearance to the suit, and the fact of his death was not known to the court at the time of rendering the judgment, and nothing from which it could be ascertained appeared of record until this proceeding originated. It is from this latter fact that complaint is made by plaintiff in the original cause, that the court erred in setting aside the judgment it had theretofore rendered. The contention being that nothing can be heard *dehors* the record to establish the fact of defendant's death. If this contention be true, then, not only is the form of the proceedings on a writ of error *coram nobis* abrogated, but the remedy, or very substance of the writ itself, is gone. For the writ was always brought into requisition to correct some error of fact which *did not* appear in the record and which was *unknown* to the court. The only authority which has been cited having any bearing on the case is *Phillips v. Evans*, 64 Mo. 17, which does appear to lend countenance to the contention. But in the light of cases

before and since that, we are not inclined to think the court intended to be understood to say that the proceedings in the nature of a writ *coram nobis* could be made effectual only when the matter complained of appeared of record. When the common understanding has always been that its chief object is to bring out those matters not appearing of record.

The court in that case was construing section 26, page 1062, Wagner's Statutes, and there is no doubt the construction now sought to be placed upon it was not thought of by the court, as the case went up to them merely on a motion to quash an execution. This proceeding is not for irregularity, but for error; and it has been held not to be governed by the section of the statute referred to. *Powell v. Gott*, 13 Mo. 459; *Latshaw v. McNees*, 50 Mo. 381. This writ has been held to be the remedy when the judgment was against a married woman as though single, an infant as though of age, an insane person as though sane, or in a criminal proceeding sentencing a prisoner, under age, to the penitentiary. Authorities *supra*, and *Randolph v. Wilson*, 24 Mo. 76; *Walker v. Deaver*, 79 Mo. 664, 674; *Heard v. Sack*, 81 Mo. 610; *Ex parte Toney*, 11 Mo. 662. And, also, when one of two defendants was dead at the time of rendering judgment, it was held to be the only remedy. *Calloway v. Nifong*, 1 Mo. 223; *Dows v. Harper*, 6 Ohio, 518. We have therefore no hesitation in declaring that the circuit court was right in entertaining this proceeding and in hearing evidence *aliunde* the record to establish the fact of defendant Leyser's death.

II. The next question involves the construction of the mechanics' lien law as applied to those who make repairs on buildings, which, with the land upon which they are situated, are mortgaged at the time the improvements or repairs are made.

By section 3172, Revised Statutes, 1879, every mechanic who, under contract with the owner, performs

work or furnishes material for any building upon land, or for repairing the same, has a lien, for such work or material, upon such building, erection or improvement, and upon the land belonging to such owner upon which the same are situated. By section 3173, the land aforesaid upon which the building or improvement is situated shall be subject to said lien only to the extent of the title or interest the owner of the building, erection or improvement has in it.

Section 3174 gives the lien on the building, erection or improvement a preference over any prior lien upon the land upon which the building has been put. We conclude that this contemplates a building or improvement which has been put on the land *since* the prior lien, as, otherwise, it would not have said prior lien on the land; for, if the statute contemplated the building put up before, it would have read prior lien on the land *and building*.

So, taking the three sections together, our opinion is that, since a mortgage or deed of trust on land, upon which there is a building, covers the building as well as the land, the lien for repairs or improvements, which are put upon such existing building, will be subject to the prior lien of the mortgage or deed of trust; otherwise one's principal security might be repaired or improved from under him. But if the building, erection or improvement is an independent affair, not in existence when the mortgage was taken, it will be subject to the "mechanics' lien" in preference to the mortgage which may have theretofore existed on the land, and it may be sold and removed as provided by statute.

In the case at bar, the buildings were in existence upon the land when the deeds of trust were given, and the repairs and improvements, for which the mechanics' lien is sought to be enforced, were painting and glazing, and, as such, such lien is subject to the prior deeds of trust, and the circuit court was right in so declaring.

*Haeussler v. Thomas*, 4 Mo. App. 463; *Hall v. St. Louis Mfg. Co.*, 22 Mo. App. 33. And a similar statute of Iowa, the supreme court of that state has construed in the same way. *Getchell v. Allen*, 34 Iowa, 559.

III.    While it is true that a suit to enforce a mechanic's lien is not the proper proceeding as upon a bill in equity, to adjust and determine priorities of liens, yet when the question of priority necessarily comes up, as an incident in the case, arising from its peculiarity, the court *ex necessitate rei* passes upon such question as necessary to a full determination of the case. And so it has frequently been held.

We are of the opinion the judgment should be affirmed, and it is so ordered. · All concur.