## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1895.

*(Continued from Vol. 62.)*

THE STATE OF MISSOURI *ex rel.* A. R. WHEAT, Collector of the Revenue within and for Lawrence County, Plaintiff, v. S. H. HORINE *et al.*, Defendants and Respondents, and R. H. DAVIS *et al.*, Purchasers and Appellants.

St. Louis Court of Appeals, May 21, 1895.

1. **Practice, Trial:** PETITION IN NATURE OF WRIT OF ERROR CORAM NOBIS: DISPROOF OF RECITAL OF NONRESIDENCE IN ORDER OF PUBLICATION. A petition or motion in the nature of a writ of error *coram nobis* lies to set aside a judgment rendered against the petitioner in consequence of an error of fact not apparent on the record. Accordingly, such proceeding is proper, when a resident defendant in a tax suit is brought into court by publication on the erroneous assumption that he is a nonresident of the state.

2. ———: CONSTRUCTIVE SERVICE BY PUBLICATION. Constructive service, when substituted for personal service, must be obtained in strict accordance with the statute providing for it.

3. ———: ———. Accordingly, an order of publication is unauthorized and does not confer jurisdiction to render judgment, when it is made on the theory that the defendant to whom it is directed is a nonresident of the state, but the fact of such nonresidence does not appear from the record, either by allegation in the petition, by affidavit or otherwise.

4. ———: ———. And, for like reason, an order of publication is invalid, if it is based on the theory that such defendant can not be found, but the record does not contain essential recitals.

*Appeal from the Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*Henry Brumback, Joseph French* and *R. H. Davis* for appellants.

*Jas. R. Vaughan* and *Weaver & McCollum* for respondents.

BOND, J.—On the thirteenth of November, 1893, a judgment was rendered in the circuit court of Lawrence county in favor of the State of Missouri *ex rel.* the collector of revenue against defendants S. H. Horine, trustee, and C. W. Tooker for taxes for the year 1890 on the southwest quarter of the northwest quarter of section twenty-four, of township twenty-six, range twenty-six, in Lawrence county, Missouri. Said land was sold on February 24, 1894, to satisfy said judgment, at which sale R. H. Davis, for the joint benefit of himself, E. P. Moore, Gus Schoen and Joe French, bid upon and purchased the same, and conveyed it by quitclaim to Mrs. Leake. On the twenty-first of March the defendants in said tax suits, S. H.

Horine and C. W. Tooker, filed a motion or petition in the office of the clerk of said court to set aside or vacate said tax judgment, making the plaintiff therein and the purchasers upon the sale had thereunder, and their grantee, parties defendant. The grounds set forth in said petition for the vacation of the tax judgment were, to wit:

"*First*, because said judgment and sale were and are now null and void; *second*, because the court had no jurisdiction over said defendants, neither of them having been served with process or in any other way notified of said suit; *third*, because the order of publication is null and void."

Upon the hearing, the court sustained said motion and ordered and adjudged that said judgment rendered in this cause on the thirteenth of November, 1893, be set aside and for naught held, from which the defendants have duly prosecuted their appeal to this court.

The facts developed on the trial were that the petition and tax bill in the suit brought by the collector were in regular form. The petition, however, contains no allegation of the nonresidence of the defendants, nor was any affidavit to that effect filed in said cause. An order of publication was published in the Peirce City *Democrat*, requiring said S. H. Horine as trustee and C. W. Tooker to answer the petition in said tax suit. This order of publication recited that the defendants therein mentioned were nonresidents of the state, and for that reason could not be served with process.

The judge's docket contained the following words: "Pub. in Pierce City Democrat, 27." At the bottom of the record of this order of publication appeared the following words: "A true copy, Attest, Geo. M. Carry, Clerk, James L. Sheets, plaintiff's attorney." There was evidence tending to show that this entry was

taken from the newspaper after the order had been published. In the judgment subsequently rendered upon said order of publication, service upon defendants was recited in the following words and figures:

"And it appearing to the court from an inspection of the record and papers in the case that the defendants herein had been duly notified of this suit, as appears by the return of the sheriff of Lawrence county, and by the affidavit of E. P. Moore, publisher of the Pierce City *Democrat*, that S. H. Horine, trustee, and C. W. Tooker had been duly notified by advertisement published in the Pierce City *Democrat*, a weekly newspaper published in Lawrence county, Missouri, for four weeks in succession, the last insertion being at least four weeks before the first day of this court."

The evidence disclosed that the collector of revenue knew the defendants Horine and Tooker and their residence in Greene county, Missouri, for a number of years; that some, if not all, of the purchasers under the sale under the tax judgment also knew said defendants and the fact of their residence in Greene county, Missouri; that the deeds to Horine and Tooker to the land sold in said tax suit disclosed that they lived in Greene county, Missouri. The evidence was uncontradicted that neither Horine or Tooker had any notice of the pendency of said tax suit and were never served with process to defend the same, and that no summons directed to them was found attached to the papers in said tax suit, and that no summons directed to either of them was ever sent to the sheriff of Greene county; that the only notation to the issuance of the summons in said tax suit was the following words on the judge's minute docket, to wit: "Alias summons to any county." Nor was there any proof of the issue of any summons in said tax suit.

The proceeding in this case has been termed "a motion or petition in the nature of a writ of error *coram nobis.*" As such, it lies to set aside a judgment rendered against a party in consequence of an error of fact which does not appear on the record. *State v. Heinrich*, 14 Mo. App. 146; *Dugan v. Scott*, 37 Mo. App. 663; *Marble v. Vanhorn*, 53 Mo. App. 361. One of the errors of fact complained of in the present proceeding is the recital in the order of publication that the defendants are nonresidents. There is nothing in the record in the tax suit disproving this statement. Hence, if it was erroneous, the error, not being of record, could only be shown by extrinsic evidence, and a motion or petition like the present was proper to bring before the court an inquiry as to the alleged error in fact contained in its order of publication. In the case of *Slate v. Heinrich, supra,* this court, in speaking of an order of publication, based on a *non est* return which stated that the defendant "can not be found in the city of St. Louis," said: "The evidence shows, without any dispute, that the court committed an error of fact in being "satisfied" from the sheriff's return, or otherwise, that the ordinary process of the law could not be served on this petitioner at the time when it made the order for publication."

That case clearly holds that the recitals of fact in an order of publication in tax suits may be contradicted by evidence *dehors* the record, and that a proceeding like the present is a proper one to institute for the purpose of showing such error of fact and thereby vacating a judgment, the jurisdiction to render which depended upon constructive service had upon the erroneous finding of a fact necessary to sustain such service. There is, therefore, no merit in the first assignment of error by appellant as to the impropriety of the present proceeding. Neither was the motion or petition herein

required to be verified. Such is the rule only as to the statutory proceedings contemplated under sections 2217–2220, inclusive, Revised Statutes, 1889.

The only theory on which the order of publication was made against the defendants in the tax suit was that they were nonresidents. That this assumption was an error of fact on the part of the court appears from the undisputed testimony showing that the defendants have been for many years and are now residents of Greene county, Missouri. As it is not claimed that the defendants in the tax suit were personally served, and as the only basis for constructive service upon them by the order of publication was an error of fact in the finding of the court that such defendants were nonresidents, it is not perceived how any valid judgment could have been rendered against them in that suit.

Again, it is a fundamental rule that constructive service, when substituted for personal service, must be obtained in exact accordance with the provisions of the statutes on that subject. *Harness v. Cravens*, 28 S. W. Rep. 971; *Schell v. Leland*, 45 Mo. 289; *Charles v. Morrow*, 99 Mo. 638; *Quigley v. Bank*, 80 Mo. 289; *Wilson v. Railroad*, 108 Mo. 588. In the application of this rule it was held in the case first cited that, an order of publication made against resident defendants on a *non est* return, where the petition and accompanying affidavit in the tax suit against them alleged their nonresidence, was invalid and conferred no jurisdiction to render judgment against them. It was conceded in that case that an order of publication might have been justified, if it had been rested upon the allegations of nonresidence made in the petition and accompanying affidavit; but it was decided that, inasmuch as it was not placed on that ground but was based on the return of *non est*, it did not operate as service upon the defend-

ants. The effect of this case is that resident defendants in tax suits, when sued as nonresidents, can not be brought into court by an order of publication based upon a summons against them as residents which has been returned "not found;" in other words, that, the defendants in such case having been sued as nonresidents, the plaintiff in the action was not entitled to any summons against them, and that, a summons issued against them therein being unauthorized, an order of publication made upon a *non est* return on that process was invalid, although it appeared that the defendants were residents of the state. It was further said in the course of discussion in that case in construing section 2024, Revised Statutes, 1889, that, when a summons is issued in a tax suit against a resident defendant, as permitted by that section, and a return of *non est* made thereon, then the court, being first satisfied that the defendant can not be found, makes an order of publication as required in section 2022. "Of course, such an order of publication, made in the circumstances mentioned, would recite, among other things, the issuance of the summons, and the fact that the defendant could not be found, etc., because the court could not make this class of publication, unless 'in conjunction with the return,' and it must be founded thereon *State v. Finn*, 87 Mo. 310." According to this test of the requirements of a valid order of publication, the one made in the case at bar was unauthorized, whether it was ordered on the theory that the defendants in the tax suit were sued (as they might have been) as "nonresidents or absentees." Revised Statutes, 1889, sec. 2022. For, if they were sought to be held as nonresidents, there is no evidence in the present record by allegation in the petition in the tax suit, by affidavit, or otherwise, to support the finding of nonresidence on the part of the defendants. On the other hand, if they were pro-

ceeded against as residents absenting themselves, then the order of publication, *supra*, does not contain the statements prescribed above, but does contain an error in fact in the recital therein, that said defendants were nonresidents. In either view, therefore, the order of publication was unauthorized and conferred no jurisdiction on the court to render a judgment in the tax suit against the defendants.

The judgment of the trial court setting aside the judgment heretofore rendered by it in the tax suit against the present respondents was correct, and will be affirmed. All concur.