THE STATE ex rel. H. H. BROWN, Collector, Etc., Respondent, v. W. H. WHITE, Appellant.

| 75 257 |
| 88 557 |

### Kansas City Court of Appeals, May 2, 1898.

1. **Trial Practice:** WRIT CORAM NOBIS: JURISDICTIONAL FACT. Where a court commits an error of fact vital to its jurisdiction, such as finding the defendant a nonresident and making an order of publication against him, when in fact he is a resident, it will on a writ of error *coram nobis* set aside the judgment rendered on such publication.

2. ————: WRIT NUNC PRO TUNC. Where a clerk fails to enter the proper judgment the court may at a subsequent term enter such judgment *nunc pro tunc* provided the corrections are based on minutes shown in the records.

3. ————: ORDER OF PUBLICATION: NUNC PRO TUNC CORRECTION: WRIT CORAM NOBIS. The sheriff returned "defendant not found in my county." The judge's docket showed simply "order of publication and continued." The clerk entered an order "that the defendant is a nonresident of this state." Publication was had and judgment for taxes against defendant's land entered. Subsequently, by writ of error *coram nobis*, defendant showed the court he was a resident, and the court by order *nunc pro tunc* corrected the order of publication. *Held*, the judgment should be set aside as the correct order of publication was never published.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

EDMONSTON & CULLEN for appellant.

(1) It was error to permit the order of publication to be amended *nunc pro tunc*. The evidence was insufficient to authorize such amendment, and further process after service can not be changed so as to cure errors. Atkinson v. R. R., 81 Mo. 50; Belkin v. Rhodes, 76 Mo. 643. (2) The judgment in this case

was rendered against White in consequence of an error of fact, viz.: The assumption that ordinary process of law could not be served upon him, which error does not appear of record and it is settled law that such judgment may be vacated in a proceeding of this character. State ex rel. v. Heinrich, 14 Mo. App. 146; State ex rel. v. Horine, 63 Mo. App. 1; Neeman v. St. Joe, 126 Mo. 93; Dugan v. Scott, 37 Mo. App. 663; Marble v. Vanhorn, 53 Mo. App. 361; Ex parte Foney, 11 Mo. 661; Powell v. Goth, 13 Mo. 458; Ex parte Page, 49 Mo. 291; Groner v. Lineth, 49 Mo. 318; Latshaw v. McNees, 50 Mo. 381; Craig v. Smith, 65 Mo. 536.

R. B. T. OLIVER and N. D. THURMOND for respondent.

(1) It was proper for the court to issue an order of publication based upon the return of the sheriff. R. S. 1889, sec. 2024; State ex rel. v. Finn, 87 Mo. 310; Harness v. Cravens, 126 Mo. 233. (2) The order of publication must be based upon the return of the sheriff alone, and there being nothing before the court except the return of the sheriff it was necessary for the court to go behind said return to ascertain the fact that ordinary process could not be served. State ex rel. v. Finn, 87 Mo. 310; Harness v. Cravens, 126 Mo. 233. (3) The court did not err in sustaining the motion for nunc pro tunc order. Ross v. Ross, 83 Mo. 102; Freeman on Judgments [3 Ed.], secs. 70, 71, 72; Belkin v. Rhodes, 76 Mo. 643; Harness v. Cravens, supra; Laney v. Garbee, 105 Mo. 355; Loring v. Groomer, 110 Mo. 632. (4) There was no error of fact in this case, and what appellant considers was error of fact was simply an error of the clerk in stating in the order of publication that defendant was a nonresident, which

error, if material, was corrected by the *nunc pro tunc* order of publication. Harness v. Cravens, 126 Mo. 233; Goldsworthy v. Johnson, 87 Mo. 233.

GILL, J.—This is a proceeding in the nature of a writ of error *coram nobis* instituted by defendant White, the object of which is to set aside a judgment for taxes in the sum of $5.11 against forty STATEMENT.    acres of land in Callaway county owned by said defendant.   The defendant was proceeded against as a nonresident of the state, and jurisdiction was sought to be obtained by an order of publication inserted in a county paper.   On this constructive service a judgment was rendered in January, 1894, and the land was subsequently sold under execution.   At the May term, 1896, the defendant filed the present motion or petition, alleging that at the time, long before, and since the tax suit was instituted against him, he, the defendant, was a resident of Missouri, and that therefore the statement in the order of publication that he was a *nonresident* was false; that the said judgment and order of publication was based on an error of fact, and that the judgment for that reason ought to be set aside.   At the December term, 1896, of the Callaway circuit court, and shortly before defendant's petition was heard, the plaintiff (collector) by proper motion applied to the circuit court for a *nunc pro tunc* order to correct the order of publication in the tax suit so as to make it conform to the true order made, to wit, that it appeared to the court from "the return of the sheriff that the defendant W. H. White can not be found in Callaway county," instead of "that the defendant W. H. White is a *nonresident* of this state," as was set out in the original order of publication.   The court sustained this motion for a *nunc pro tunc* order and corrected the original order of

publication as above suggested. And after the record was so corrected the petition of defendant White was heard and the court denied it; and from a final judgment in favor of the plaintiff collector, defendant has appealed.

Ignoring for the time being the *nunc pro tunc* order, the case made by defendant called for a vacation of the tax judgment. The evidence without contradiction shows, and it is conceded, that

TRIAL practice: writ coram nobis: jurisdictional fact.

when the suit for taxes was begun, before and since, the defendant resided in Mexico, Audrain county, Missouri. The recital then contained in the order of publication, and upon which the court assumed to make it, was false wherein it stated that defendant was a *nonresident* of the state. The court then committed an error of fact and that, too, concerning a matter vital to its jurisdiction, and which error did not appear on the face of the record in said tax suit. This is the proper proceeding—called a writ of error *coram nobis*—to reach this error of fact, and being found according to the defendant's complaint it was manifestly the duty of the court where the suit was prosecuted to set aside the judgment rendered in consequence of such error of fact—Dugan v. Scott, 37 Mo. App. 663; State v. Heinrich, 14 Mo. App. 146; State v. Horine, 63 Mo. App. 1; Craig v. Smith, 65 Mo. 536—unless a different ruling should be had by reason of the last order of publication entered *nunc pro tunc*.

In relation to this the following facts appear: The petition in the tax case was filed in the office of the circuit clerk of Callaway county and a summons issued;

—: writ nunc pro tunc.

on this the sheriff made the return, "W. H. White not found in my said county;" thereupon the clerk entered the order of publication reciting that it appeared to the

court "that the defendant W. H. White is a nonresident of this state," etc.   This identical order was published for four weeks as the law provides (section 2028, Revised Statutes 1889) and subsequently judgment by default taken.   The minutes on the judge's docket showed simply, "order of publication and continued;" a like entry also appeared in the clerk's docket.

On these entries it seems clear to us that the court was authorized to make the *nunc pro tunc* order it did. The court evidently intended to make an order of publication on the basis of, and to conform to the sheriff's return on the summons, which in effect stated, at most, that defendant White was absent from the county or not to be found in his county, so that the ordinary process of law could be served on him; the return made no pretense of showing *nonresidence*.   It is well settled that where the clerk fails to enter an order or judgment of the court, or enters such as the court did not intend, the court may, at a subsequent term even, enter the proper order or judgment *nunc pro tunc*, provided however that the said errors or omissions are corrected on the basis of minutes or entries shown in the records or papers of the case.   Belkin v. Rhodes, 76 Mo. 643; Loring v. Groomer, 110 Mo. 632.

But while conceding power in the Callaway county circuit court to enter the proper order of publication *nunc pro tunc*, it by no means follows that the judgment against the defendant for the enforcement of the alleged tax lien should be allowed to stand.   That judgment was entered in January, 1894, on the basis of the original order of publication which falsely recited that defendant was a nonresident of the state, and that was the only order or notice that was published; the last or corrected order of publication was not published

—: order of publication: nunc pro tunc correction: writ coram nobis.

at all.   In order to acquire jurisdiction in such cases it is not only necessary that the court where the suit is brought should enter an order of publication on its records, but "every order against nonresident, absent or unknown, defendants shall be published in some newspaper published in the county, etc.,   *   *   *   for four weeks successively   *   *   *   the last insertion to be at least fifteen days before the commencement of the term at which the defendant is required to appear." R. S. 1889, sec. 2028.

The order of publication which now serves the basis for the tax judgment against the defendant was, as already stated, never published in any paper.   The case stands with a proper order of publication entered, but not published.   As to the original order it is now as though never made.   It will not do to say that the former publication of the erroneous order will answer the same purpose as the publication of the true and corrected order—that it served the place of notice to defendant as efficiently as the publication of the last or true order—for in such cases the law requires the proceedings to conform strictly to the demands of the statute.   "In all cases where constructive or substituted service is had in lieu of that which is personal, there must be a strict compliance with statutory provisions and conditions."   Charles v. Morrow, 99 Mo. 638, and the cases cited; Harness v. Cravens, 126 Mo. 233, loc. cit. 250, et seq.; State v. Horine, 63 Mo. App. 1.

In our opinion then the tax judgment against the defendant and his land should have been set aside; and the judgment herein will be reversed and cause remanded.   All concur.