STATE ex rel. H. A. SMITH, Collector, etc., and L. E. PRESTON, Purchaser, Respondents, v. J. R. L. CLARKSON, Appellant.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Back-Tax Suit:** ORDER OF PUBLICATION: MOTION IN NATURE OF WRIT OF ERROR CORAM NOBIS: JUDGMENT. That a writ of error *coram nobis* will lie when the court has committed an error of fact vital to its jurisdiction, when such error does not appear upon the face of the proceeding, is well-settled law.

2. ———: ———: ORDER OF PUBLICATION: JUDGMENT. The allegation of non-residence in a back-tax petition made it the duty of the clerk to make an order of publication in vacation (section 9303 of Revenue Law and section 575 of the Code, R. S. 1899), which, when published and publication proved, was as affectual service as if the defendant had have been personally served by a summons, and a final judgment rendered upon such service is just as conclusive as a judgment rendered upon the personal service of summons.

3. ———: ———: JUDGMENT AGAINST RES: JURISDICTION OF SUBJECT-MATTER. Jurisdiction was required of the *res* by the making, publishing and proof of the order of publication, and it was against the *res*, only, that the judgment was rendered, and for this purpose jurisdiction was as effectually conferred as if defendant had been personally served with process.

4. ———: ———: RESIDENT OF STATE: NO ERROR OF FACT IN RENDERING JUDGMENT. The proof that the defendant was a resident of the State did not prove, nor tend to prove, that the court committed an error of fact in the rendition of the judgment, fatal to its validity.

5. ———: ———: APPELLANT'S REMEDY. Appellant yet has his remedy to set aside the judgment by default against him, under the provision of section 777, Revised Statutes 1899; and the collector, on his bond, if he willfully and knowingly made a false statement in his petition for the purpose of procuring the order of publication, would be liable.

State ex rel. v. Clarkson.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This is a proceeding by motion, in the nature of a writ of *coram nobis,* to set aside a judgment by default rendered in the circuit court enforcing the lien of the State for back taxes upon real estate, and incidentally to render nugatory a sheriff's deed made on a sale of the real estate on execution issued on the judgment. The allegations of the motion and the proof is that Clarkson, the mover and defendant in the judgment, was before, and at the time the tax suit was commenced, and yet is a resident of Randolph county, Missouri, that his deed to the lands, on record in the recorder's office of Howell county, described him as a resident of Randolph county, Missouri, that he was not served with summons, did not appear, nor did any one appear for him to the suit and that he was wholly ignorant of the pendency of the suit or of the rendition of the judgment, or of the sale of his lands until a few days before the filing of his motion. The petition in the tax suit alleged that Clarkson was a non-resident of the State. On this allegation the clerk of the Howell Circuit Court made an order of publication, which was sufficient in form and substance and which was duly published and proved as the law directs. The evidence of Preston and of his attorney who bid in the lands for him at the sheriff's sale is, that neither of them knew Clarkson or knew his place of residence and that neither of them had seen the record of his deed at or before the sale, and bid on the land in good faith relying on the judgment and execution.

After hearing the evidence the court overruled the motion. Plaintiff duly appealed.

*Livingston & Burroughs* for appellant.

(1) Cases of this nature are numerous in this State, and all hold without dissension that this proceeding, in the nature of a writ of error *coram nobis,* is the proper remedy to reach the grounds of complaint in the case at bar. This proceeding was always brought into requisition to correct some error of fact which did not appear of record, and which was unknown to the court. It is the only remedy in this case, because the facts going to the jurisdiction of the court can not be reached in any other way. The record showing jurisdiction, it can not be assailed in a collateral proceeding. We cite only cases directly in point. State v. Heinrich, 14 Mo. App. 146; State v. Horine et al., 63 Mo. App. 1; State v. White, 75 Mo. App. 257; Neenan v. St. Joseph, 126 Mo. 89. (2) No statute of limitation bars this proceeding. It may be instituted at any time. Latshaw v. McNees, 50 Mo. 381; Powell v. Gott, 13 Mo. 459. Office and purpose of the proceeding discussed. Dugan v. Scott, 37 Mo. App. 663. (3) Distinction between the statutory motion to set aside judgments for irregularities and motion in the nature of a writ of error *coram nobis* clearly stated. Hirsh v. Weisberger, 54 Mo. App. 506. (4) The usual way of bringing this matter before the court is by motion supported by affidavit or by evidence. The motion at bar was supported by affidavit and evidence. Neenan v. St. Joseph, 126 Mo. 89, supra; Ex parte Gray, 77 Mo. 161. The uncontradicted affidavit of appellant supported by his deed was all the proof necessary. Latshaw v. McNees, 50 Mo. 381; Randolph v. Sloan, 58 Mo. 155. The evidence is all on the side of the appellant. It is not disputed that he was a resident of the State and the court committed error in not sustaining the motion on the facts. Craig v. Sloan, 65 Mo. 356; State v. Heinrich, 14 Mo. App. 146. (5) This proceeding is not de-

feated or impaired by reason of the land having been sold and purchased. If the purchaser is given notice of the motion, his rights are adjudicated, and the sale, as well as the judgment, should be set aside. In this case the purchaser, Preston, was duly notified and appeared and defended. In the cases of State v. Heinrich, State v. Horine, and State v. White, supra, as in this, the land had been sold. If, however, the purchaser is not notified of the motion, his title is not affected by the order setting aside the judgment. Schiffman v. Schmidt, 154 Mo. 204; Jones v. Driskill, 94 Mo. 190; Schmidt v. Niemeyer, 100 Mo. 207. (6) Under our system of practice, and especially the practice in acquiring jurisdiction over defendants in tax suits, makes the proceeding in the nature of a writ of error *coram nobis* all important. It is always sustained by our courts. As it has been held by the Supreme Court of the State, that the question here raised can not be raised in collateral proceeding (Payne v. Lott, 90 Mo. 676, and Schmidt v. Neimeyer, 100 Mo. 207), then this is the only remedy left to a citizen of the State who has been sued, judgment rendered, and his property sold, without any notice or knowledge on his part. If this remedy were not afforded appellant, then his property has certainly been taken without due process of law. State v. Heinrich, supra.

*Orchard & Saye* for respondent.

(1) The petition filed by the collector is in the usual form, and states in it that defendant Clarkson was, at the institution of the suit, a non-resident of the State of Missouri, so that the ordinary process of law could not be served upon him. Whereupon, the clerk of the circuit court issued an order of publication, which is provided that he shall do, in Revised Statutes 1899, section 575. (2) The learned counsel for ap-

pellant has filed a very exhaustive brief and argument to convince the court that a writ of error *coram nobis* is the proper remedy. We make no issue on that where there is error committed which is not apparent from the face of the records. The question in this case is, did the court have jurisdiction? If so, the judgment is good and binding, and Preston takes title to the land. (3) In an action for back taxes the allegation contained in the petition, that the delinquent landowner is a non-resident of the State, authorizes the clerk to issue an order of publication, and when issued, published and proven (as in the case at the bar), the court has jurisdiction to proceed to judgment in the case, and the sale made under it is valid and binding as to the defendant and his grantees, where the purchaser at the sale had no notice of the fact that the defendant was a resident of the State. Payne v. Lott, 90 Mo. 676. (4) The above case is affirmed and held that the remedy is against the officer. Schmidt v. Niemeyer, 100 Mo. 209. (5) In this case, if the collector made a false statement in his petition, he is liable on his official bond. Tooker v. Leake, 146 Mo. 433.

BLAND, P. J.—The ground which appellant alleged in his motion and on which he relies to have the judgment vacated and he be permitted to make his defense to the tax suit is, that the court, in rendering the judgment and overruling a special execution for the sale of the land, committed an error of fact and had no jurisdiction of the person of the defendant. That a writ of error *coram nobis* will lie when the court has committed an error of fact vital to its jurisdiction, when said error does not appear upon the face of the proceeding, is well-settled law. Craig v. Smith, 65 Mo. 536; State ex rel. v. White, 75 Mo. App. 257; State ex rel. v. Horine, 63 Mo. App. 1; Dugan v. Scott, 37 Mo. App. 663. And the usual way of bringing such

a matter before the court is by motion supported by affidavit. Neenan v. St. Joseph, 126 Mo. 89; Ex parte Gray, 77 Mo. 161. The evidence is undisputed that appellant was a resident of this State, and that he was described in his deed (as recorded), to be a resident of Randolph county, Missouri. Had the officers of the law, entrusted with the enforcement of tax liens in Howell county, been guided by what was before them, appellant could and would have been personally served with summons and had his day in court. Instead of affording him this opportunity, that method of procedure was adopted, which the statutes provide for, whereby a valid judgment was obtained against the appellant for the non-payment of taxes assessed against his lands, without actual notice to him. It is alleged in the petition in the tax suit that the appellant was a non-resident of the State. This allegation made it the duty of the clerk of the Howell Circuit Court to make an order of publication in vacation (section 9303 of the revenue law and section 575 of the code of civil procedure, Revised Statutes 1899). This order of publication was duly published and proven. In Tooker v. Leake et al., 146 Mo. l. c. 429, speaking of a similar order made in a tax case under like circumstances, the court, through BRACE, J., said: "When so published and the publication proved, the defendants in said action are as effectually served with process as if served by summons, and a final judgment rendered on such service is just as conclusive as a judgment rendered upon service of summons, except that the defendant in the former case may within three years after the rendition thereof have the same reviewed and set aside for good cause as provided in Revised Statutes 1889, section 2217, et seq." Whether appellant had paid the $3.30 taxes sued for does not appear from the evidence, but if he had paid the tax, the fact would be wholly unavailing in this proceeding to impeach the jurisdiction of the court or to in anywise effect the

validity of its judgment. Jones v. Driskill, 94 Mo. 190; Allen v. McCabe, 93 Mo. 138. It sufficiently appears from the evidence that appellant was a resident of the State when the suit was brought, but we do not see how this fact impeaches the jurisdiction of the court to render the judgment. Jurisdiction was acquired of the *res* by the making, publishing and proof of the order of publication, and it was against the *res* only that the judgment was rendered. To render judgment against the land, the jurisdiction was as effectually conferred as if the appellant had been personally served with process. Tooker v. Leake, supra; Cruzen v. Stephens, 123 Mo. 337; Gibbs v. Southern, 116 Mo. 204; Payne v. Lott, 90 Mo. 676; Schmidt v. Niemeyer, 100 Mo. 207. And the proof that appellant was a resident of the State did not prove nor tend to prove that the court committed an error of fact in the rendition of the judgment, fatal to its validity.

Appellant yet has his remedy to set aside the judgment by default against him under the provisions of section 777, R. S. 1899; or against the collector on his bond if he willfully and knowingly made a false statement in his petition for the purpose of procuring the order of publication.

The judgment is affirmed. All concur.